UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60445-CIV-DIMITROULEAS/HUNT

THEODORE LEVINE,

Plaintiff,

vs.

HOLMAN AUTOMOTIVE GROUP, INC., a New Jersey corporation, and HOLMAN AUTOMOTIVE, INC., a Florida corporation, together doing business as BMW OF PEMBROKE PINES,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Motion for Bill of Costs ("Motion") filed by Defendants Holman Automotive Group, Inc. and Holman Automotive, Inc. ECF No. 41. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. ECF No. 42; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the record, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART as set forth below.

Plaintiff Theodore Levine ("Plaintiff") sued Defendants Holman Automotive Group, Inc. and Holman Automotive, Inc. (collectively, "Defendants") for employment discrimination. ECF No. 1. On July 31, 2026, the Court entered an Order granting

Defendants' Motion for Summary Judgment. ECF No. 39. The Court entered final judgment in favor of Defendants and against Plaintiff. ECF No. 40.

Now, Defendants seek costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, S.D. Fla. L. R. 7.3(c), 28 U.S.C. § 1920, and 28 U.S.C. § 1821. Plaintiff did not file a response in opposition to the Motion. Defendants request taxable costs in the amount of $2,684.00, consisting of $1,784.00 in transcript fees and $900.00 in other costs. ECF No. 41. The other costs are made up of a mediation fee. ECF No. 41-3.

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Transcript fees are recoverable when necessarily obtained for use in the case. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). The requested $1,784.00 in transcript fees are reasonable and not objected to, so they should be awarded.

However, "[m]ediation fees are not included as taxable costs in 28 U.S.C. § 1920." *Mena v. McArthur Dairy, LLC*, No. 08-22585-CIV-UNGARO/SIMONTON, 2009 WL 10707841, at *3 (S.D. Fla. July 31, 2009), *report and recommendation adopted*, No. 08-22585-CIV-UNGARO/SIMONTON, 2009 WL 10707842 (S.D. Fla. Aug. 19, 2009). The Local Rules of this District state that "[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference." S.D. Fla. L.R. 16.2(b)(7). Defendants have not shown that such an agreement exists here. Therefore, the $900.00 in other costs should be excluded.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion for Bill of Costs, ECF No. 41, be GRANTED IN PART and DENIED IN PART, such that Defendants Holman Automotive Group, Inc. and Holman Automotive, Inc. be awarded taxable costs in the amount of $1,784.00. The Motion should otherwise be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 8th day of October 2026.

PATRICK M. HUNT
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record